IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Washburn; Ethan Hutson; and Jackson Thompson, | ) ) ) | C/A No.: 1:24-511-MGL-SVH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER AND NOTICE |
| Blackville Town Hall; Fonda Patrick; Ronnie Purnell; Miles Loadholt; and Ray Crawford, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Joshua Washburn, Ethan Hutson, and Jackson Thompson ("Plaintiffs"), proceeding pro se and in forma pauperis, filed this complaint alleging a violation of their constitutional rights by Blackville Town Hall, Town Administrator Fonda Patrick ("Patrick"), Town of Blackville Mayor Ronnie Purnell ("Mayor Purnell"), Blackville Town Attorney Miles Loadholt ("Attorney Loadholt"), and Blackville Police Chief Ray Crawford ("Chief Crawford") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiffs divide their factual allegations into four incidents. For ease of reference, the undersigned will follow this format.

Incident #1

Plaintiffs allege they traveled to Blackville Town Hall on December 1, 2023, to file paperwork, obtain complaint forms, and make FOIA requests. [ECF No. 1 at 5]. Plaintiffs wore masks and filmed the incident on each of their phones. *Id.* Plaintiffs allege Town Administrator Patrick "attempted to give misinformation on how to file Court documents while under the guidance of an Attorney on the phone." *Id.* Plaintiffs allege they were denied the "right to file Mr. Washburn's court documents and to file the Freedom of Information Act with the Clerk of Court window." *Id.* Plaintiffs claim Patrick then "took the role of the Blackville Police Department window," at which time they requested citizen complaint forms.[1] Plaintiff allege Corporal Thorpe[2] then asked them to provide identification, and Patrick stated that Plaintiffs' wearing of masks and filming all operations made her and her staff nervous. Plaintiffs claim:

> Mrs. Patrick also stated to Mr. Washburn, Mr. Hutson, and Mr. Thompson that their constitutional rights did not matter when their feelings are involved. After the short back and fourth between Mr. Washburn and Mrs. Patrick, Corporal Thorpe requested ID or he was not going to assist in the request being

---

[1] Plaintiffs state they were first told that Chief of Police Crawford was on his way, and then were told he was in training.
[2] Corporal Thorpe is not named as defendant in this case.

2

> made. When Mr. Washburn, Mr. Hutson, and Mr. Thompson respectfully declined the Corporals request, Corporal Thorpe, unbecoming of an Peace Officer made the mistake of denying a constitutional rights to be in a public space peacefully assembling which is protected under the first amendment, assisted in denying a constitutional right to a fair trial by refusing to uphold the oath he swore, by attempting to lie about the Town Hall being private property. The same can be said for one Town Administrator Fonda Patrick, as well as Chief Ray Crawford for his hiring practices and poor training of his subordinates, as well as Chief Crawford's poor education on Constitutional Rights, in which he swore to uphold.

*Id.* (errors in original).

Incident #2

On December 21, 2023, Plaintiffs filed a Freedom of Information Act ("FOIA") request with Patrick. [ECF No. 1 at 6]. They claim the Town Hall, Mayor Purnell, and Patrick have failed to respond in violation of the South Carolina FOIA statute. Plaintiffs allege they also hoped to file complaint forms and a FOIA request with the Blackville Police Department. They allege they were again "filming the experience as part of the freedom of the press." *Id.* Plaintiffs claim they encountered a man in police attire, who later they discovered was Chief Crawford, who refused them service "without an appointment/ID." *Id.* Plaintiffs allege they "were ultimately denied the right to file the appropriate documentation" for the South Carolina FOIA request. *Id.*

3

Incident #3

On January 10, 2024, Washburn and Hutson were at the Town Hall and saw Crawford taking pictures and video of Washburn. *Id.* at 7. Plaintiffs also allege as follows:

> While walking to meet with the[ir] ride, Mr. Washburn noticed an unmarked police vehicle LP# URT-455 following them by using streets to stay close to keep an eye on both Mr. Washburn and Mr. Hutson. This was harassment by a public servant for his feelings about being investigated. While walking on Highway 78 Mr. Washburn and Mr. Hutson began to film the vehicle because they were sure they were being followed. When Chief Ray Crawford noticed the cameras were rolling, he made an immediate right turn without turn signal initiating a car accident with the car behind him.

*Id.*

Incident #4

On January 11, 2024, Plaintiffs again traveled to Blackville Town Hall to attempt to schedule an appointment with Mayor Purnell. [ECF No. 1 at 8]. Patrick advised Mr. Hutson "there was no way to set an appointment to speak with the Mayor and that the Mayor had instructed her to deal with the case." *Id.* Plaintiffs argue this was a violation of their First Amendment rights by "blocking" a citizen from speaking to an elected official. *Id.*

4

II.   Discussion

  A.   Standard of Review

Plaintiffs filed their complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Blackville Town Hall is Not a Person

To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

Plaintiffs have not stated a valid § 1983 claim against Blackville Town Hall, as it does not qualify as a "person." A sheriff's department, detention

---

[3] Plaintiffs' complaint is construed as brought pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Therefore, Plaintiffs' complaint against Blackville Town Hall is subject to summary dismissal.

2. Attorney Loadholt and Mayor Purnell

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiffs make no factual allegations against Attorney Loadholt. Although there is a reference to Patrick giving "misinformation" under the guidance of an attorney on the phone, there is no indication that it was Attorney Loadholt. Further, even if it had been Attorney Loadholt, Plaintiffs' allegation is too vague to state a claim against him.

Mayor Purnell is also subject to summary dismissal. Although Plaintiffs claim Purnell violated the South Carolina FOIA statute, violation of a state law does not state an independent cause of action in federal court in the absence of diversity jurisdiction, which Plaintiffs have not alleged. Although Plaintiffs allege they were denied the opportunity to make an appointment with Mayor Purnell, they have provided no authority that they are constitutionally entitled to an appointment with the mayor.

For these reasons, Attorney Loadholt and Mayor Purnell are subject to summary dismissal.

3. Patrick

Plaintiffs have similarly failed to state a claim against Patrick. Although they make vague allegations that Patrick attempted to give them misinformation and that they were denied the right to file court documents, they fail to provide sufficient details to state a claim for violation of their constitutional rights. Although Plaintiffs indicate Patrick advised that their masks and filming made her nervous and allegedly stated that their

8

constitutional rights do not matter, they do not allege that she denied them services as a result or committed some other constitutional violation. As discussed above, Patrick's alleged failure to comply with the state FOIA statute and failure to provide Plaintiffs with an appointment with Mayor Purnell do not support independent federal claims.

### 4. Chief Crawford

Plaintiffs first claim that Chief Crawford is liable for his hiring and training practices. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiffs also alleged Chief Crawford denied them service without an appointment and identification. Plaintiffs have failed to describe the "services" they requested and the allegations in the complaint are insufficient to show a violation of their constitutional rights. Plaintiffs also allege Crawford followed them on one occasion, which they claim was harassment. Plaintiffs have failed to show that one incident of Crawford allegedly following them constitutes a constitutional violation.

## NOTICE CONCERNING AMENDMENT

Plaintiffs may attempt to correct the defects in the complaint by filing an amended complaint by **March 18, 2024**, along with any appropriate service documents. Plaintiffs are reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiffs file an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 26, 2024                              Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

11